Case 1:16-cv-00152   Document 5   Filed in TXSD on 07/15/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO VILLARREAL-MEDRANO, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | Case No. 1:16cv152 <br> (Criminal No. 1:15cr600-1) |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Ernesto Villarreal-Medrano's pro se "Motion to Correct Sentence Under 28 U.S.C. § 2255" (hereinafter, Villarreal-Medrano's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons provided below, Villarreal-Medrano's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Villarreal-Medrano's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction over Villarreal-Medrano's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On September 9, 2015, Villarreal-Medrano pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Ernesto Villarreal-Medrano*, No. 1:15cr600-1, Dkt. No. 33 at 1.[1] On January 6, 2016, Senior United States District Judge Hilda Tagle sentenced Villarreal-Medrano to 36 months of imprisonment. *Id*. at 1-2. Judgment was entered on January 27, 2016. *Id*. at 1. Villarreal-Medrano did not file a direct appeal.

Instead, on June 24, 2016, Villarreal-Medrano filed his instant § 2255 Motion. Dkt. No. 1.[2] In his § 2255 Motion, Villarreal-Medrano claims that he is entitled to relief pursuant to the rulings announced in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015); *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016); and *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g*

---

[1] Hereinafter, Villarreal-Medrano's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Villarreal-Medrano indicates that he placed his § 2255 Motion in the prison mailing system on June 24, 2016. Dkt. No. 1 at 6. Accordingly, the Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

*en banc ordered*, 815 F.3d 189. *Id.* at 1-5.[3] Villarreal-Medrano does not raise any additional grounds for relief. *See id.*

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Villarreal-Medrano claims that he is entitled to § 2255 relief pursuant to the new rule of law announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 1-5. In *Johnson*, the Supreme Court reviewed the lower

---

[3] Villarreal-Medrano's § 2255 claims might also be procedurally barred, in whole or in part, because he did not raise them on appeal. However, the Court need not address this issue because Villarreal-Medrano's § 2255 Motion is subject to dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by

judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch*, 136 S. Ct. 1257, 1268.

Unfortunately for Villarreal-Medrano, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Villarreal-Medrano's case, the Court did not sentence him pursuant to § 924(e). In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b), the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 23 (Presentence Investigation Report); CR Dkt. No. 34 at 1 (Statement of Reasons, adopting the Presentence Investigation Report); CR Dkt. No. 33 (Judgment).[4] Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Villarreal-Medrano with a right to § 2255 relief.

Villarreal-Medrano makes the related argument that he is entitled to § 2255 relief pursuant to the Fifth Circuit's decision in *United States v. Gonzalez-Longoria.* Dkt. No. 1 at 3-4. However, his reliance indicates that he believes the District Court applied 18 U.S.C. § 16(b) to enhance his sentence. *See Gonzalez-Longoria*,

---

[4] The Court adopted the Presentence Investigation Report with minor changes, which will be discussed below. *See* CR Dkt. No. 34 at 1.

813 F.3d 225, 235 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(C), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague under the rationale of *Johnson*). Villarreal-Medrano is mistaken. When sentencing Villarreal-Medrano, the Court did not apply 18 U.S.C. § 16(b). *See* CR Dkt. No. 23 at 4-6, 9; CR Dkt. No. 33; CR Dkt. No. 34 at 1.

Villarreal-Medrano's Final Presentence Investigation Report ("PSR") assessed a "total offense level of 21 and a criminal history category of III," and stated that the advisory guideline "range for imprisonment" was 46 to 57 months. CR Dkt. No. 23 at 9. In calculating his base offense level and specific offense characteristics, the PSR applied U.S.S.G § 2L1.2 and § 2L1.2(b)(1)(A)(vii). *Id.* at 4. In calculating his criminal history score, the PSR applied U.S.S.G. § 4A1.1(a) and § 4A.1.1(d). *Id.* at 5. The Court adopted the PSR, with the exception that it found that "the two (2) points assessed, pursuant to U.S.S.G. § 4A1.1(d)," did not apply. CR Dkt. No. 34 at 1. Because the Court found that § 4A1.1(d) was inapplicable, it determined that Villarreal-Medrano's criminal history score should only be two, with a "corresponding criminal history category of II." *Id.* As a result, the Court imposed a 36-month sentence of imprisonment, rather than the longer sentence recommended by the PSR. *Compare* CR Dkt. No. 33 at 2 (imposing a 36-month sentence), *with* CR Dkt. No. 23 at 9 (recommending a sentence of 46 to 57 months).[5]

Sections 2L1.2, 2L1.2(b)(1)(A)(vii), and 4A1.1(a) of the United States Sentencing Guidelines do not contain, or incorporate, any clauses resembling the

---

[5] In imposing the 36-month sentence, the Court sentenced Villarreal-Medrano "below the guideline range[.]" CR Dkt. No. 34 at 3.

clauses recently found unconstitutional in *Johnson,* or more recently, in *Gonzalez-Longoria.* *See* U.S.S.G. § 2L1.2, § 2L1.2(b)(1)(A)(vii), and § 4A1.1(a). Contrary to Villarreal-Medrano's assertions (*see* Dkt. No. 1 at 4), the Court's application of § 2L1.2(b)(1)(A) does not provide him with a basis to formulate a claim under *Johnson* or *Gonzalez-Longoria.* This is because the Court did not enhance Villarreal-Medrano's sentence pursuant to any residual clause, much less a purported § 2L1.2(b)(1)(A) residual clause. *See* CR Dkt. No. 23 at 4; CR Dkt. No. 34 at 1; CR Dkt. No. 33.

Instead, the Court enhanced Villarreal-Medrano's sentence by adding 16 points to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(vii), for his previous conviction for "an alien smuggling offense[.]" *See* CR Dkt. No. 23 at 4; CR Dkt. No. 34 at 1; CR Dkt. No. 33. Under U.S.S.G. § 2L1.2(b)(1)(A)(vii), "an alien smuggling offense" is included as an offense which triggers a 16-point sentencing enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii). Thus, because Villarreal-Medrano's sentence was enhanced as a result of his prior alien smuggling offense conviction, he cannot correctly argue that his sentence was enhanced pursuant to an unconstitutionally vague residual clause.

Villarreal-Medrano's arguments and reliance upon *Johnson, Welch,* and *Gonzalez-Longoria* are misplaced. As he raises no other grounds for relief, his § 2255 Motion should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Villarreal-Medrano has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Villarreal-Medrano's § 2255 Motion be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 15th day of July, 2016.

Ignacio Torteya, III
United States Magistrate Judge